**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DEISHA JOHN DOUGLAS, | Case No.  26-cv-1392 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | Removed from: |
| DELTA AIR LINES, INC., | Supreme Court of the State of New York, County of Queens |
| Defendant. | Index No. 703794/2026 |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, *et seq.* and Local Civil Rule 81.1, Defendant Delta Air Lines, Inc. ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., files this Notice of Removal with respect to the case captioned *Deisha John Douglas v. Delta Air Lines, Inc.*, bearing Index No. 703794/2026, pending in the Supreme Court of the State of New York, County of Queens (the "State Court Action"). In support of this Notice of Removal, Defendant states as follows:

## **INTRODUCTION**

1.      On February 9, 2026, Plaintiff Deisha John Douglas ("Plaintiff") filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Queens. A true and correct copy of the Summons and Verified Complaint is attached hereto as **Exhibit A**.

2.      In the State Court Action, Plaintiff alleges unlawful retaliation under the Family Medical Leave Act ("FMLA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *See* **Ex. A**.

3.      Defendant has not yet responded to the Verified Complaint, and it reserves and does not waive any and all defenses.

4.     In accordance with 28 U.S.C. § 1446(a), Defendant provides a "short and plain statement of the grounds for removal."

<strong><u>TIMELINESS OF REMOVAL</u></strong>

5.     On or about February 10, 2026, Plaintiff served the Verified Complaint and the Summons upon Defendant via its registered agent, The Corporation Service Company, 80 State Street, Albany, New York 12207. On February 11, 2026, Plaintiff filed an Affidavit of Service memorializing this service. A copy of the Affidavit of Service is attached as **Exhibit B**.

6.     Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Defendant is removing the case to this Court within thirty (30) days of service, *i.e.,* on or before March 12, 2026. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon defendant.").

7.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders received by Defendant are attached to the Declaration of Marc Joseph Gansah in Support of this Notice of Removal ("Gansah Decl.") as **Exhibits A-B**.

<strong><u>BASIS FOR REMOVAL</u></strong>

**I.     DIVERSITY OF CITIZENSHIP**

8.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that it is a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

2

**A.     The Parties are Citizens of Different States**

9.      Individuals are considered citizens of the state where they are domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 28, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by [her] domicile.").

10.     In the Verified Complaint, Plaintiff alleges that she is domiciled at 506 Hempstead Boulevard, Uniondale, New York 11553. *See* **Ex. A ¶ 2.**

11.     Accordingly, Plaintiff is a citizen of the State of New York.

12.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has established that a corporation's principal place of business for purposes of diversity jurisdiction "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *The Hertz Corporation v. Friend*, 130 S. Ct. 1181, 1184 (2010). Additionally, the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184.

13.     Defendant Delta Air Lines, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. *See* **Ex. A ¶ 3.**

14.     Accordingly, complete diversity exists between the parties because Plaintiff is a citizen of New York and Defendant is a citizen of Delaware and Georgia.

**B.     The Amount in Controversy Requirement is Satisfied**

15.     Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

16.    In her Verified Complaint, Plaintiff seeks damages including: (a) backpay, front pay, past and future income, wages, compensation, seniority, pension losses, health benefits and other benefits of employment; (b) compensatory damages for severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering and other physical and mental injuries; (c) punitive damages; and (d) monetary losses and non-monetary losses suffered by Plaintiff, attorneys' fees, pre-judgment interest and costs. *See* **Ex. A** at pp. 8-9 ¶¶ E-I.

17.    Defendant denies any and all liability and damages in this action. For the purposes of removal, however, Plaintiff's claim for compensatory damages for emotional distress is sufficient to meet the $75,000 amount-in-controversy threshold. It is well settled that meritorious garden-variety emotional distress claims can result in damage awards of up to $125,000. *Smart v. USA Lab. for Hire, Inc.,* No. 20-CV-5594 (TAM), 2024 WL 3313971, at *11 (E.D.N.Y. June 26, 2024), *aff'd,* No. 24-1791, 2025 WL 1217365 (2d Cir. Apr. 28, 2025) ("In this Circuit, garden variety emotional distress claims generally merit $30,000 to $125,000 awards")(internal citations and quotation marks omitted). Accordingly, there is a reasonable probability that the amount of alleged emotional distress damages alone exceeds $75,000.

18.    Further, when Plaintiff's claim for emotional distress damages is combined with her demand for monetary and punitive damages, the amount in controversy based on the categories of damages alleged in the Verified Complaint exceeds the $75,000 threshold.

19.    Accordingly, based on the expansive damages allegations in Plaintiff's Verified Complaint, the amount in controversy exceeds $75,000. Therefore, the amount in controversy requirement is satisfied.

20.     Thus, while Defendant disputes any alleged liability and damages, because the parties are citizens of different states, and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**II.      FEDERAL QUESTION JURISDICTION**

21.     In the Verified Complaint, Plaintiff alleges retaliation claims in violation of the FMLA, 29 U.S.C. § 2611 *et seq. See* **Ex. A ¶¶** 1, 12-19.

22.     This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

23.     By asserting a claim under federal law, i.e., the FMLA claim, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**III.     SUPPLEMENTAL JURISDICTION**

24.     This Court has supplemental jurisdiction over Plaintiff's remaining and related state and city law claims for retaliation in violation of the NYSHRL and the NYCHRL. *See* **Ex. A ¶¶** 1, 20-39. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." State law and city law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *See also Rojo v. Lakeview Sec. & Investigations, Inc.*, No. 24-CV-5729 (JPO), 2026 WL 83909, at *2

(S.D.N.Y. Jan. 12, 2026)("The Court has supplemental jurisdiction over the State- and City-law claims because those claims are sufficiently related to the [federal] claims that they form part of the same case or controversy.") (internal quotations and citations omitted).

25.     Here, Plaintiff's state and city law claims relate closely to her federal law claims. All of Plaintiff's claims arise out of a common nucleus of operative facts, specifically Plaintiff's employment with Defendant and her separation therefrom. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

26.     Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state and city law claims.  Plaintiff's state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  Thus, removal is proper under 28 U.S.C. § 1441(c).

## OTHER PROCEDURAL REQUIREMENTS

27.     This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1446(a).

28.     The United States District Court for the Eastern District of New York embraces Queens County, New York. 28 U.S.C. § 112(c).

29.     Venue is proper under 28 U.S.C. § 1446(a) because Queens County, where the Verified Complaint is pending, is within the United States District Court for the Eastern District of New York.

30.     Pursuant to 28 U.S.C. § 1446(d), Defendant will serve a copy of this Notice of Removal upon Plaintiff and file a copy with the Clerk of the Supreme Court of the State of New York, County of Queens.

## RESERVATION OF RIGHTS

31.     By filing this Notice of Removal, Defendant does not admit the validity or merits of any of the claims or allegations in the Verified Complaint. Defendant denies any and all liability with respect to Plaintiff's claims and denies that Plaintiff is entitled to any of the damages sought. Further, Defendant does not waive, and expressly reserves, any and all rights, claims, remedies and defenses in connection with this action.

**WHEREFORE**, Defendant respectfully notifies Plaintiff and this Court of the removal of this action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated: New York, New York
      March 10, 2026

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

By: /s/ *Marc-Joseph Gansah*
     Marc-Joseph Gansah
     Robert M. Tucker
     1270 Avenue of the Americas, 24th Floor
     New York, New York 10020
     (212) 492-2500
     Marcjoseph.gansah@ogletree.com
     Robert.tucker@ogletree.com

     *Attorneys for Defendant*
     *Delta Air Lines, Inc.*

7

## <u>CERTIFICATE OF SERVICE</u>

I, Marc-Joseph Gansah, hereby certify that on March 10, 2026, I caused the within Notice of Removal to be submitted electronically to the Clerk of the Court for the United States District Court for the Eastern District of New York, and a copy of the within pleading to be served via email and overnight delivery, postage prepaid, upon:

**Hernandez M. Rhau, Esq.**
30 Broad Street, 14th Floor, Suite 14142
New York, New York 10004
T: (212) 235-1681
F: (212) 504-7928
E-Mail: HRhau@RhauLegal.com

*Attorneys for Plaintiff*

/s/ Marc Joseph Gansah
Marc-Joseph Gansah

*Attorneys for Defendant*

8